UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANDRE JONES,<br>    Plaintiff,<br><br>         v.<br><br>OSBORN CORRECTIONAL,<br>    Defendant. | No. 3:24-cv-631 (SRU) |

### RULING ON MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff Andre Jones is incarcerated in Osborn Correctional Institution in Somers, Connecticut. Jones has applied for leave to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. For the reasons that follow, his motion is denied.

A plaintiff filing a complaint in federal court must generally pay a filing fee and an administrative fee totaling $405.00. *See* 28 U.S.C. § 1914. A qualifying incarcerated plaintiff may proceed *in forma pauperis* ("IFP"), meaning that the $55.00 administrative fee is waived and the plaintiff pays the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(a)–(b). To demonstrate eligibility for IFP status, a plaintiff must submit an affidavit showing that he is "unable to pay" the filing and administrative fees. *Id.* § 1915(a). He must additionally provide a certified copy of the preceding six months of his prison trust fund account statement. *Id.*

A plaintiff is "unable to pay" within the meaning of 28 U.S.C. § 1915 if the filing fee would force him to forgo "the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The plaintiff need not be "absolutely destitute" to qualify for IFP status. *Id.* An affidavit is sufficient if it shows that the plaintiff "cannot because of his poverty" pay the fees "and still be able to provide himself and dependents with the necessities of life." *Adkins*, 335 U.S. at 339 (quotation marks omitted).

1

Jones did not file a prisoner authorization form with his initial IFP application. Doc. No. 2. Magistrate Judge Thomas O. Farrish directed the Clerk to send Jones a copy of the District of Connecticut's standard-form *in forma pauperis* application for incarcerated plaintiffs with a prisoner authorization. Doc. No. 9. Judge Farrish directed Jones to "fill out the form completely and accurately, and . . . file it with the Clerk of the Court." *Id.* Jones did not comply. *See* Doc. No. 10. Judge Farrish again directed Jones to submit the prisoner authorization, doc. no. 11, but Jones omitted the prisoner authorization in his response. *See* Doc. No. 12.

Jones's motion for leave to proceed *in forma pauperis*, **doc. no. 2**, is accordingly **denied** without prejudice. *See Annarumma v. Homeland Sec. Investigation*, 2022 WL 1310459, at *1 (S.D.N.Y. Mar. 24, 2022), *appeal dismissed*, 2023 WL 3149529 (2d Cir. Feb. 23, 2023) (denying an IFP application without prejudice because the incarcerated plaintiff did not file a completed prisoner authorization). The complaint will be deemed received by the court on April 4, 2024, so long as the filing fee is submitted within the time allotted by this Order. All further proceedings in the matter shall be held in abeyance for **twenty-one (21) days** pending Jones's delivery of the filing fee in the amount of $405.00 (money order or bank check made payable to the Clerk of Court) to the Clerk's Office, 915 Lafayette Blvd., Bridgeport, Connecticut, 06604. Alternatively, Jones may submit a signed prisoner authorization to complete his IFP application. If he does not submit either the filing fee or the signed prisoner authorization within twenty-one days of this Order, **his case will be dismissed without prejudice** to refiling once he is able to pay the fee.

So ordered.

Dated at Bridgeport, Connecticut, this 11th day of March 2025.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge